IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SUNDAY STREET, | * | |
| Plaintiff | * | |
| v. | * | Civ. No.: MJM-23-3231 |
| CHRISTINE E. WORMUTH, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on the Secretary of the U.S. Department of the Army's ("Defendant") Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF 15. The Motion is fully briefed and ripe for disposition. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Court shall grant Defendant's Motion to Dismiss.

## I.  BACKGROUND

Between August 2008 and January 2023, plaintiff Sunday Street ("Plaintiff") was employed with the United States Department of the Army, Assembled Chemical Weapons Alternative ("ACWA"), working as a safety engineer at the Blue Grass Chemical Agent-Destruction Pilot Plant ("BCGAPP") in Richmond, Kentucky. ECF 10 (Am. Compl.) ¶¶ 18, 19. Plaintiff experienced sexual harassment at the workplace, beginning around 2010 and continuing through 2022. Am. Compl. ¶¶ 20–166, 245–46. In 2014, Plaintiff filed a complaint with Defendant's Equal Employment Office ("EEO") and later filed a Title VII complaint with the

1

Equal Employment Opportunity Commission ("EEOC") against Defendant. On May 9, 2017, the parties reached a Settlement Agreement. ECF 10-1 ("Settlement Agreement").

In relevant part, Defendant agreed that ACWA would endorse Plaintiff's application for a Master's in Systems Engineering Program at the Naval Postgraduate School (the "Master's Program") and pay her tuition, if she was accepted, in exchange for a full release of all claims against them. Settlement Agreement ¶¶ 3, 9. On May 18, 2017, Plaintiff learned that she had not been accepted into the Master's Program. Am. Compl. ¶ 281. Given the settlement, the EEOC issued an Order of Dismissal on June 14, 2017. ECF 15-4. On June 15, 2017, Plaintiff contacted the presiding administrative judge to request that the Order of Dismissal be vacated and her complaint be reinstated on account of not being accepted into the Master's Program. Am. Compl. ¶ 282. Defendant's counsel contacted Plaintiff and her counsel on June 26, 2017, to discuss her request. *Id*. ¶ 285. In October 2019, Plaintiff requested further status updates from the administrative judge on her request to vacate the Order of Dismissal, and she corresponded with Defendant's counsel between September and December 2019 in an effort to settle the matter. *Id*. ¶¶ 287–89, 293. The settlement discussions were ultimately unsuccessful. *Id*. ¶ 293.

On July 21, 2022, Plaintiff petitioned Defendant's EEO office to declare the Settlement Agreement void. Am. Compl. ¶¶ 301–02. She later filed a petition for enforcement with the EEOC. Am. Compl. ¶ 305. On March 28, 2023, Defendant's EEO Compliance and Complaints Review Director issued a Final Agency Decision ("FAD") denying Plaintiff's request to void the Settlement Agreement. Am. Compl. ¶¶ 307, 308. On April 12, 2023, the EEOC affirmed the FAD and denied Plaintiff's petition for enforcement. Am. Compl. ¶ 312. On April 26, 2023, Plaintiff appealed the FAD with the EEOC. Am. Compl. ¶ 315. On August 31, 2023, the EEOC denied Plaintiff's appeal and request for reconsideration of its April 12th ruling. Am. Compl. ¶¶ 317–20.

2

Plaintiff filed her initial Complaint in the instant matter on November 28, 2023, and filed an Amended Complaint on March 14, 2024. ECF 1, 10. On June 21, 2024, Defendant filed its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF 15. Plaintiff filed a response in opposition to the motion, ECF 20, and Defendant filed a reply, ECF 23.

## II.   STANDARD OF REVIEW

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1). *See Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed in one of two ways: either a facial challenge . . . or a factual challenge." *Id.* (citations omitted) (internal quotations omitted). A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A defendant's facial challenge "will be evaluated in accordance with the procedural protections afforded under Rule 12(b)(6), which is to say that the facts alleged in the Complaint will be taken as true . . . ." *In re Jones v. Md. Dept. of Pub. Safety*, No. 1:21-cv-01889-JRR, 2024 WL 493269 at *3 (D. Md. Feb. 8, 2024).

A factual challenge, on the other hand, asserts "that the jurisdictional allegations of the complaint are not true." *Trump*, 416 F. Supp. 3d at 479 (cleaned up) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a factual challenge, the court "is entitled to decide disputed issues of fact with respect to subject matter jurisdiction. . . . In that circumstance, the court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (internal quotation marks and citations omitted); *see also U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348

3

(4th Cir. 2009) (court may consider evidence outside the pleadings, such as affidavits). However, "[i]f the jurisdictional facts are so intertwined with the facts upon which the ultimate issues on the merits must be resolved, . . . the entire factual dispute is appropriately resolved only by a proceeding on the merits . . . ." *Id.* (internal quotation marks omitted) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

### III.     ANALYSIS

#### A. Count I

In Count One of the Amended Complaint, Plaintiff seeks, under the Declaratory Judgment Act, a declaratory judgment that the Settlement Agreement is void. Am. Compl. ¶¶ 326–44. Defendant asserts that the Court lacks jurisdiction as to Count One because sovereign immunity has not been waived. ECF 15-1 (Def. Mem.) at 8–9; ECF 23 (Def. Reply) at 3. Plaintiff argues that the Court may exercise jurisdiction of Count One via Title VII's waiver of sovereign immunity. ECF 20 (Pl. Opp'n) at 26–27.

Under the Declaratory Judgment Act, a court may, "upon the filing of an appropriate pleading … declare the rights and other legal relations" of a party in a civil action and determine whether further relief could be sought. 28 U.S.C. § 2201(a). Granting declaratory relief is a matter of the court's discretion. *A. L. Mechling Barge Lines, Inc. v. United States*, 368 U.S. 324, 331 (1961). To determine whether declaratory relief should be granted, the court should consider three factors: (1) whether the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) whether the court possesses an independent basis for jurisdiction over the parties; and, finally, (3) whether to exercise its discretion to determine or dismiss the action. *Johnson v. Sessions*, Civ. No. RDB-15-3317, 2017 WL 1207537, at *6 (D. Md. Apr. 3, 2017) (citation omitted).

"If a declaratory judgment proceeding actually constitutes suit against the sovereign, it is barred absent waiver." *Goldstein v. Moatz*, 364 F.3d 205, 219 (4th Cir. 2004) (citing *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 688 (1949)). Litigation against a federal agency or official is deemed "an action against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the [g]overnment from acting, or compel it to act.'" *Portsmouth Redevelopment & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983) (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)); *see also Hawaii v. Gordon,* 373 U.S. 57, 58 (1963) ("[T]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter."). Waiver of sovereign immunity must be "unequivocally expressed in statutory text, . . . and will not be implied[.]" *Lane v. Peña*, 518 U.S. 187, 192 (1996) (citations omitted). Any such waiver "is to be strictly construed, in terms of its scope, in favor of the sovereign . . . ." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). A plaintiff bears the burden of showing the existence of "an unequivocal waiver of sovereign immunity . . . ." *Lancaster v. Sec'y of Navy*, 109 F.4th 283, 293 (4th Cir. 2024) (citing *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005)).

Plaintiff's instant claim for declaratory relief against the Secretary of the U.S. Department of the Army is clearly a suit against the sovereign. A declaratory judgment invalidating the Settlement Agreement would ultimately expose the employer—that is, the federal government—to civil liability. Therefore, this Court may exercise subject matter jurisdiction of Plaintiff's claim only upon a showing by Plaintiff that the federal government has waived its sovereign immunity.

Plaintiff fails to show any such waiver. Although the federal government has waived its immunity from suit under Title VII, *see* 42 U.S.C. § 2000e-16, the Declaratory Judgment Act

5

contains no such waiver. *See Weiss v. Price*, Civ. No. ELH-17-1127, 2018 WL 1156770, at *2 (D. Md. Mar. 5, 2018) ("The Declaratory Judgment Act 'plainly does not operate as an express waiver of sovereign immunity . . . because it neither provides nor denies a jurisdictional basis for actions under federal law, but merely defines the scope of available declaratory relief.'") (quoting *Muirhead v. Mecham*, 427 F.3d 14, 17 n.1 (1st Cir. 2005)) (internal quotation marks omitted); *Worsham v. U.S. Dep't of the Treasury*, Civ. No. ELH-12-2635, 2013 WL 5274358, at *7 (D. Md. Sept. 17, 2013) (same). As noted above, a waiver of sovereign immunity is never implied and must be unequivocal, and its scope must be be strictly construed in favor of the sovereign. *See Lancaster*, 109 F.4th at 293. While Title VII permits suit against Defendant, Plaintiff cites no authority for the proposition Title VII's waiver of sovereign immunity can be read into the Declaratory Judgment Act. Indeed, Title VII's waiver provision "says nothing about challenges to the validity of settlement agreements between federal departments and their employees." *Thompson v. McHugh*, 388 F. App'x 870, 873 (11th Cir. 2010). "[N]othing in 42 U.S.C. § 2000e–16(c) indicates that it is intended to waive sovereign immunity for claims other than discrimination." *Taylor v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013); *see also* 42 U.S.C. § 2000e-5(f)(3) (conferring "jurisdiction of actions brought under this subchapter") (emphasis added).[1]

Accordingly, this Court finds that Defendant is immune from Plaintiff's declaratory judgment claim in Count One of the Amended Complaint, and this claim must be dismissed without prejudice.

B. Count II

---

[1] Notably, Title VII has its own limited provision for declaratory relief. *See* 42 U.S.C.A. § 2000e-5(g)(2)(B)(i).

Plaintiff brings a claim for breach of contract against Defendant in Count Two. Am. Compl. ¶¶ 345–60. Plaintiff asserts that Defendant materially breached the Settlement Agreement when it issued its Final Agency Decision asserting that the contract was valid and that Plaintiff "received the benefits spelled out in paragraphs 1, 2, 5, 6, and 7 of the agreement." ECF 5 (Def. Ex. 3) at 6. Defendant argues that, as with Count One, she is immune from Plaintiff's breach-of-contract claims and Count Two must be dismissed for lack of jurisdiction. Def. Mem. at 9–11; Def. Reply at 2–3. Plaintiff fails to address Defendant's sovereign immunity arguments with respect to Count Two.

The Fourth Circuit has held that, while sovereign immunity is waived for purposes of Title VII suits, that waiver does not extend to monetary claims for breach of agreements to settle Title VII claims. *See Frahm v. United States*, 492 F.3d 258, 262 (4th Cir. 2007) ("Congress has, admittedly, waived sovereign immunity in Title VII suits where the federal government is the employer. 42 U.S.C. § 2000e–16(d). However, this statutory waiver does not expressly extend to monetary claims against the government for breach of a settlement agreement that resolves a Title VII dispute."). A private settlement agreement reached between litigants is not "enforceable by a district court as an order of the court unless the obligation to comply with its terms" is imposed by court order. *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 280–81 (4th Cir. 2002), *overruled on other grounds by Stinnie v. Holcomb,* 77 F.4th 200 (4th Cir. 2023) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). "If the obligation to comply with the terms of the agreement is not made part of an order of the court, jurisdiction to enforce the settlement agreement will not exist absent some independent basis of jurisdiction." *Id.* at 281 (citing *Kokkonen*, 511 U.S. at 381).

7

Here, Plaintiff's breach-of-contract claim based on an alleged breach of the Settlement Agreement requires an independent jurisdictional basis, and Plaintiff fails to plead one. Accordingly, Count Two must be dismissed without prejudice for lack of jurisdiction.

### C. Counts III and IV

Plaintiff asserts claims for sex-based harassment and retaliation under Title VII in Counts Three and Four, respectively. Am. Compl. ¶¶ 361–99. Each of these counts includes claims subject to release under the Settlement Agreement. Settlement Agreement ¶ 9. Absent invalidation of the Settlement Agreement, Plaintiff is barred from pursuing these claims, as she acknowledges in the Amended Complaint. Am. Compl. ¶ 333. Thus, Counts Three and Four must be dismissed to the extent that that they are based on Title VII violations that preceded execution of the Settlement Agreement.

Plaintiff's sex-based harassment claim in Count Three contains new harassment allegations based on conduct that occurred after the Settlement Agreement was executed. Although a new Title VII harassment claim would not be covered by the Settlement Agreement, Defendant argues that it must be dismissed for Plaintiff's failure to exhaust administrative remedies. Def. Mem. at 14 n.7.

The EEOC has initial enforcement responsibility over Title VII claims. *See Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406–07 (4th Cir. 2013); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508 (4th Cir. 2005). Accordingly, an employee alleging a Title VII violation must first file a charge with the EEOC before attempting to bring suit in court. *Balas*, 711 F.3d at 406 (citing 42 U.S.C. § 2000e–5(e)(1)). "A[n EEOC] charge is acceptable only if it is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Chacko*, 429 F.3d at 508 (quoting 29 C.F.R. § 1601.12(b)). Once a charge is filed, the EEOC

investigates the matter and provides notice to the employer. *Id.* (citing 42 U.S.C. § 2000e–5(b)). Even after an employee has exhausted the administrative process and receives permission to sue, she is procedurally barred from bringing any Title VII claims that "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof . . . ." *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995). The allegations in the EEOC charge "generally operate to limit the scope of any subsequent judicial complaint." *Chacko*, 429 F.3d at 509 (citation omitted). "[T]he factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Id.*

Here, there is no dispute that Plaintiff did not file any new charge with the EEOC complaining of conduct that occurred after the Settlement Agreement was executed. Therefore, any Title VII claims based on new conduct is subject to dismissal for Plaintiff's failure to exhaust her administrative remedies.

Accordingly, Defendant's motion shall be granted as to Counts Three and Four, and these counts shall be dismissed without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Amended Complaint will be GRANTED.

A separate Order will follow.

DATE: 3/31/25

_____
Matthew J. Maddox
United States District Judge